**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| Richard GREGG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-00053-NKL |
| | ) | |
| Clint WALKER and ESURANCE | ) | |
| PROPERTY & CASULTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is plaintiff Richard Gregg's motion to remand or abstain, Doc. 8. For the following reasons, Gregg's motion to remand is granted.

## I. Background

In 2016, plaintiff Richard Gregg and an uninsured motorist, defendant Clint Walker, both of whom are citizens of Missouri, were in a car wreck. Doc. 9-2, p. 2 (Original Petition in 16CA-CC00246). Shortly after the incident, Gregg made a claim for uninsured motorist insurance to defendant Esurance Property & Casualty Insurance Company, Gregg's insurer. *See* Doc. 9-3 (Letter to Esurance). Gregg filed a petition for damages in state court against Walker, notified Esurance of the action, and after Walker failed to appear, obtained a $500,000 default judgment. *Id.*; Doc. 9-10 (Docket for 16CA-CC00246).

On November 19, 2018, Gregg filed an application for garnishment against Esurance in the state court proceeding against Walker, Doc. 9-1 (Garnishment Action), which Esurance then moved to quash. In between these two filings related to the Garnishment Action, Esurance filed a complaint for declaratory judgment in federal court, seeking to delineate its contractual

relationship with Gregg under the insurance policy.  *See* Case No. 2:18-cv-4255-NKL (Declaratory Judgment).

On January 17, 2019, Gregg amended his state court petition to add a claim against Esurance for breach of contract premised on Esurance's refusal to pay uninsured motorist benefits. Doc. 13-2 (Amended Petition).  Esurance removed the proceedings before the state court on January 23, 2019, Doc. 1, and filed a motion to consolidate the Amended Petition with the Declaratory Judgment.  Doc. 3.  Gregg filed a motion to remand arguing that the Court lacks subject matter jurisdiction over the Amended Complaint and that removal was untimely.[1]

## II.    Discussion

Federal courts are courts of limited jurisdiction.  *Ark. Blue Cross and Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009).  Thus, statutes permitting removal, including those governing the time for removal, are strictly construed.  *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 n.5 (8th Cir. 2007) (citation omitted).  The removing party has the burden of establishing the propriety of removal, and "all doubts about federal jurisdiction must be resolved in favor of remand."  *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1192 (8th Cir. 2015) (citations omitted).

Gregg argues that remand is proper because removal was not timely.[2]  "Section 1446(b) limits removal of diversity jurisdiction cases by requiring that removal motions be filed within

---

[1] The motion to remand also includes an argument that the Court should abstain or dismiss in favor of a parallel state proceeding.  Doc. 9 (Suggestions in Support of Motion to Remand), pp. 3–6.  During oral argument, both parties conceded that no proceedings are currently pending in state court.  Therefore, the Court does not address arguments on abstention.

[2] Because the Court finds that the procedural requirements for removal were not satisfied, the Court need not address the parties' arguments regarding whether Walker is a nominal party or fraudulently joined in the later-filed Amended Petition.

thirty days of when diversity jurisdiction is established." *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 600 (8th Cir. 2002).  A notice of removal must be filed "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading," 28 U.S.C. 1446(b)(1), or if the initial pleading is not removable, within 30 days of defendant's "(1) receipt of a copy of an 'amended pleading, motion, order or other paper' which supplies a basis (2) from which 'it may first be ascertained that the case is or has become removable.'" *Dahl*, 478 F.3d at 969 (citing 28 U.S.C. §1446(b)(3)).

Neither party contends that the original petition filed in state court—a claim for negligence by a citizen of Missouri against another citizen of Missouri—was removable.  According to Gregg, the Garnishment Action is the first pleading or other paper before the state court from which it could first be ascertained that the case had become removable.  Gregg highlights that the Writ contained the parties' names as well as an amount in controversy above the jurisdictional threshold. Doc. 9, p. 9.  Esurance, however, contends that the Garnishment Action is not proper, and that the Amended Petition was the first pleading that made Esurance a defendant.  Doc. 13, pp. 16–17.

The Eighth Circuit has twice declined to decide whether a garnishment summons triggers the 30-day period for removal.  *See Lang v. Social Sec. Admin.*, 612 F.3d 960, 964–65 (8th Cir. 2010) (finding it unnecessary to decide whether the initial garnishment summons or a supplemental complaint triggers the 30-day period for removal); *Koehnen v. Herald Fire Inc. Co.*, 89 F.3d 525, 529 n.5 (8th Cir. 1996) (same).  However, courts in this District have found that the notice of a traditional garnishment action triggers the 30-day removal period because it provides notice of the circumstances giving rise to federal jurisdiction.  *See, e.g.*, *Elite Nurse Staffing, Inc. v. Am. Cas. Co. of Reading, Pa.*, No. 10-4210-NKL, 2010 WL 5300926, *4 (finding that Garnishment Application and Order "provide[d] sufficient notice of the diverse jurisdiction, and therefore qualified as the initial pleading in th[e] case."); *Hayes v. Pharmacists Mut. Ins. Co.*, 276 F. Supp.

2d 985, 988 (W.D. Mo. 2003) (holding that Writ of Garnishment triggered 30-day period for removal); *see also Ross v. Scottsdale Ins. Co.*, No. 10-1499, 2010 WL 4810211, *2–3 (E.D. Mo. Nov. 19, 2010) (finding 30-day removal period began upon service of Garnishment).

The Writ of Garnishment in this case also explicitly disclosed a basis for federal jurisdiction and was, therefore, the first filing from which Esurance could ascertain the case has become removable. It clearly identifies Esurance and Gregg as parties, and clearly states that Gregg is seeking $545,040. Doc. 9-1. In fact, Esurance entered an appearance after the Writ was filed, prior to the later filed Amended Petition. In other words, the Writ was the first filing that "put[] [Esurance] on notice of the proceeding, identifie[d] the opposing party, set[] forth the basis for the proceeding, and specifie[d] the amount sought." *Hayes*, 276 F. Supp. 2d at 988. Although the later-filed Amended Petition modified or added to Gregg's claim, the Amended Petition does not restart the 30-day period for removal because "it was already ascertainable that federal [diversity] jurisdiction could be a basis for removal" based on the Garnishment Action. *Dahl*, 478 F.3d at 970. Accordingly, the Notice of Removal filed 37 days after the service of the Writ was untimely.

Esurance argues that service of the Garnishment Action is irrelevant in determining when the Amended Petition could be removed because "a garnishment action is a wholly distinct suit or action, with its own diversity and timeliness requirements." Doc. 18 (Supplemental Authority), p. 1. For support, Esurance cites *Randolph v. Employers Mutual Liability Insurance Co. of Wisconsin*, 260 F.2d 461 (8th Cir. 1958), and other cases that describe garnishment proceedings as independent actions for removal purposes. In *Randolph*, the Eighth Circuit concluded that even if a garnishment proceeding against a third party is auxiliary to the main suit under state law, it can be properly removed under federal law when diversity of citizenship and the jurisdictional

amount are established.  *Id*. at p. 463–64.

*Randolph* provides authority for removing a garnishment proceeding on its own; *Randolph* does not provide authority for remanding a garnishment while retaining jurisdiction over a later-amended associated petition, which is essentially the result Esurance seeks.  Without specific authority permitting the Court to remand only selected proceedings, the Court declines to extend *Randolph* in this case.

Furthermore, there is a question about whether the Garnishment Action and the actual claim against Esurance in the Amended Petition are separate and distinct.  If a garnishment action can be asserted against Esurance for uninsured motorist coverage, the Garnishment Action and the claim against Esurance in the Amended Petition are not separate and distinct.  But that is a novel state law question which is better left to the state court in the first instance.

Given that legislation permitting removal is strictly construed, and all doubts are resolved in favor of remand, Gregg's motion to remand is granted.

## III.   Conclusion

For the reasons set forth above, Plaintiff's motion to remand, Doc. 8, is granted.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  April 11, 2019
Jefferson City, Missouri